IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CASSANDRA OLIVER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SOUTH CENTRAL CORRECTIONAL )<br>CENTER, et al., )<br>)<br>Defendants. ) | Case No. 6:21-cv-03226-MDH |

## ORDER

Before the Court are the following motions: defendants Tim Baumgarner and Joshua Hoffman's Motion to Dismiss (Doc. 176); defendants Wesley E. Murray, Christopher Strickland, and Texas County Memorial Hospital ("TCMH's") Motion to Dismiss (Doc. 179); and defendants State Of Missouri, Missouri Department Of Corrections, Michele Buckner and Anne Precythe's Motion to Dismiss (Doc. 189). The motions have been fully briefed and are ripe for review.

The Court previously reviewed numerous motions to dismiss and entered an Order directing Plaintiff to file an Amended Complaint clearly identifying her claims against each individual Defendant, including the role and actions she is alleging each Defendant took and the theory of liability against each Defendant. (See Doc. 96). Plaintiff amended her Complaint and Defendants filed subsequent motions to dismiss. The Court then entered another Order directing Plaintiff to again clarify her allegations against the Defendants. (See Doc. 173).

Plaintiff has now filed a Second Amended Complaint. (Doc. 174). Again, to briefly summarize, Plaintiff, individually and on behalf of her son Michael Anderson ("Decedent") has brought suit against numerous Defendants alleging medical negligence and violation of Decedent's

1

constitutional rights. The complaint arises out of the death of Decedent while he was incarcerated at South Central Correctional Center.

Plaintiff's Second Amended Complaint brings the following claims:

COUNT I: Deprivation of Medical Care in Violation of the 8th and 14th Amendments to the U.S. Constitution, Cognizable Against State Actors Under 42 U.S.C. § 1983 against defendants Chada, Hensel, Duncan, Stephan, Murr, Hartman, Hoffman, and Baumgarner, all individually;

COUNT II: Failure to Properly Train and Supervise in Violation of 42 U.S.C. § 1983 against defendants Corizon, Buckner and Precythe, individually;

COUNT III: Failure to Properly Train and Supervise in Violation of 42 U.S.C. § 1983 against defendants Texas County Memorial Hospital, Strickland, and Murray, individually;

COUNT IV: Common law Failure to Properly Hire, Train, Supervise, and/or Discipline against defendants Buckner, Precythe, Missouri Department of Corrections, State of Missouri, Corizon, Texas County Memorial Hospital, Murray, and Strickland; and

COUNT V: Wrongful Death via Medical Malpractice/Negligence against defendants Chada, Hensel, Duncan, Stephan, Murr, Hartman, Hoffman, and Baumgarner.

## STANDARD OF REVIEW

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## DISCUSSION

**1. Defendants Hoffman and Baumgarner's Motion to Dismiss. (Doc. 176)**

Defendants Hoffman and Baumgarner move to dismiss Count I of the Second Amended Complaint. Count I alleges that Defendants are liable under § 1983 for providing unconstitutionally inadequate medical care to Decedent.[1] Hoffman and Baumgarner, both EMTs, are alleged to be Texas County Memorial Hospital employees or agents that provided healthcare services to Decedent. Plaintiff alleges "none of the individual defendants" including Hoffman and Baumgarner are "strictly public officials (who are entitled to official immunity only for discretionary acts)" given that they were employed by a "hybrid public-private entity, as opposed to a public entity." See ¶¶ 38, 44 of Plaintiff's Second Amended Complaint.

Plaintiff brings her claim against Hoffman and Baumgarner alleging Defendants deliberately disregarded Decedent's serious medical needs by not immediately intubating him prior to loading him into the ambulance. Plaintiff claims Defendants did not intubate Decedent until 30 minutes after their arrival at the jail constituting serious misconduct and a deliberate indifference. Further, Plaintiff alleges Defendants failed to perform the Rapid Sequence Intubation as set forth in Texas County Memorial Hospital's protocols upon arriving at the jail and treating Decedent. Plaintiff's Second Amended Complaint, taken as true, alleges Defendants arrived to

---

[1] Count V, wrongful death via medical malpractice/negligence, includes claims against Hoffman and Baumgarner but that claim is not raised in the pending Motion to Dismiss.

3

find Decedent exhibiting less than 90% oxygen saturation and failed to immediately intubate him in violation of hospital protocol. Plaintiff alleges Defendants' conduct amounts to deliberate indifference in violation of § 1983.

Defendants argue several reasons why Plaintiff's allegations do not meet the elements of deliberate indifference pursuant to § 1983. The Court finds Defendants' arguments, which rely on factual disputes between the parties, to be better suited for a motion for summary judgment. The Court makes no ruling on whether Plaintiff will be able to ultimately prevail on this claim but finds Plaintiff has pled enough to survive a motion to dismiss. Defendants motion to dismiss Count I (Doc. 176) is **DENIED**.

   **2. Defendants Texas County Memorial Hospital, Strickland and Murray's Motion to Dismiss. (Doc. 179).**

First, Defendants move to dismiss Count III, Failure to Properly Train and Supervise in Violation of 42 U.S.C. § 1983, arguing Plaintiff has failed to state a cause of action. Defendant TCMH argues that pursuant to § 1983 Plaintiff must show that it has a policy or custom that caused an underlying constitutional violation and that Plaintiff has failed to plead this in her complaint. Citing *De Rossitte v. Correct Care Solutions, LLC.*, 22 F.4th 796, 803 (8th Cir. 2022). TCMH also argues the only alleged inadequacy in training and supervision is related to the EMTs alleged failure to intubate Decedent before loading him into the ambulance. Defendant further contends Plaintiff has failed to plead that this is an inadequacy or how TCMH's training and/or supervision was inadequate and caused the injury in violation of § 1983.

The allegations against TCMH stem from the same allegations against the EMTs, that they failed to *timely* intubate Decedent upon their arrival and that the *timeliness* constitutes a failure to meet Decedent's medical needs. TCMH argues Plaintiff failed to plead a constitutional violation against the EMTs so Plaintiff cannot pled one against TCMH. However, with regard to the claims

against the EMTs the Court has stated that the allegations are enough, based on the federal notice pleading requirements, to survive a motion to dismiss.

Plaintiff contends she has plead a programmatic lack of supervision and training against TCMH and that TCMH was aware of the inadequacies of its supervision and training. Specifically, Plaintiff contends there was an inadequate self-reporting system that was not utilized. Defendant argues Plaintiff's conclusory allegation regarding a "self-reporting system," with no specific facts regarding how this program failed or caused a constitutional violation is simply not enough to state a claim. Further, Plaintiff alleges Defendants were involved in a multitude of lawsuits regarding "nearly identical claims for lack of supervision and training…" Defendant argues Plaintiff has not pled what specific lawsuits have been filed and there is no further information regarding these alleged claims or notice.

Here, the Court finds Plaintiff's allegations are enough to survive a motion to dismiss against TCMH based on notice pleading. This ruling does not address whether Plaintiff can ultimately prevail on a § 1983 claim or whether she will be able to provide evidence that amounts to a § 1983 violation against TCMH. TCMH's motion to dismiss is denied.

Next, Murray, the CEO of TCMH at the time of Decedent's death and Strickland, the current CEO, argue Plaintiff fails to state a claim against them because supervisors can only be personally liable under § 1983 if they directly participated in a constitutional violation or if a failure to supervise and train the offending employee caused a deprivation of a constitutional right. The Eighth Circuit has stated supervisors may be subject to individual liability under § 1983 for failing to adequately receive, investigate, or act if they:

(1) Received notice of a pattern of unconstitutional acts committed by subordinates;

(2) Demonstrated deliberate indifference to or tacit authorization of the offensive acts;

5

(3) Failed to take sufficient remedial action; and

(4) That such failure proximately caused injury....

See *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996) (internal citation omitted). A supervisor may also be held individually liable under § 1983 if they directly participate in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights. *Id.* A plaintiff must demonstrate that the supervisor was deliberately indifferent to, or somehow authorized, the action. *Id.* Plaintiff must show that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation. *Id.*

Here, Plaintiff must allege specific facts of personal involvement, or a direct responsibility, of these individual Defendants to meet a claim for deprivation of constitutional rights. Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006). After multiple amendments to the claims, Plaintiff has failed to plead this against the individual CEOs. Plaintiff does not allege any specific or personal involvement of Murray or Strickland in the underlying treatment of Decedent, or in the supervision or training of the other Defendants. Plaintiff argues an inference should be made that as the CEO of the hospital these Defendants control employees and have a duty to supervise. This Court does not agree that simply being the CEO is enough to meet the personal involvement or direct responsibility required to plead a deprivation of a constitutional right under § 1983.

As a result, defendants Murray and Strickland's motion to dismiss Count III is granted and this claim is dismissed against these individual defendants.

Finally, Count IV is a common law claim for negligent supervision and training. In Missouri, "a negligent supervision claim requires as a necessary and indispensable element that the employee be acting outside of the scope of her employment." *Nickel v. Stephens Coll*., 480 S.W.3d 390, 402 (Mo. Ct. App. 2015), citing, *Truck Ins. Exch. v. Prairie Framing, LLC*, 162 S.W.3d 64, 82 (Mo.App.W.D. 2005) ("negligent supervision by a master requires a showing that the servant was acting 'outside the course and scope of his employment'"); *Reed v. Kelly*, 37 S.W.3d 274, 277 (Mo.App.E.D.2000) (citing RESTATEMENT (SECOND) OF TORTS § 317 (1965)) (defining a negligent supervision cause of action and noting, "this cause of action also requires evidence that would cause the employer to foresee that the employee would create an unreasonable risk of harm outside the scope of his employment."). If the individuals are acting within the course and scope of their employment the negligent supervision claim must fail. *Id.*

Plaintiff argues the Defendants' employees acted outside the scope of their employment when they failed to intubate and failed to "abide by the departmental rules" requiring intubation. Again, the allegations arise from *when* decedent was intubated not *if*. Plaintiff alleges the EMTs should have intubated immediately upon arrival but failed to do so. However, the Court does not find that Plaintiff has plead that the EMTs were acting outside the scope of their employment.

In addition, Defendants argue the duty to supervise is narrow, requiring the existence of a relationship between the plaintiff and defendant that the law recognizes as the basis of the duty of care. *Hill ex rel. Hill v. Herbert Hoover Boys Club*, 990 S.W.2d 19, 22 (Mo. App. 1999). As stated herein, Plaintiff has failed to plead any such relationship with regard to the individual Defendants. As a result, the Court grants the motion to dismiss Count IV.

7

Case 6:21-cv-03226-MDH   Document 197   Filed 10/21/22   Page 7 of 11

### 3. Defendants Buckner, Missouri Department of Corrections, Precythe, and the State of Missouri's Motion to Dismiss. (Doc. 189).

First, Defendants move to dismiss Count II, Plaintiff's claim that Warden Buckner and Director Precythe are liable in their individual capacities for failure to properly train and supervise medical staff under § 1983. Plaintiff further alleges they acted with "deliberate indifference to Decedent's rights and serious medical needs… including but not limited to physical pain and suffering and severe anxiety, fear, and mental anguish."

Plaintiff alleges that Defendants' failure to supervise and train Corizon led to Corizon's deliberate indifference towards the Decedent's medical needs, a violation of the Eighth Amendment. As stated above, a claim for violation of the Eighth Amendment can exist when defendants act with deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). However, negligent medical treatment does not state a claim under the Eighth Amendment or § 1983. *Id.* at 106. Further, a supervisor cannot be held liable under § 1983 for a plaintiff's injuries caused by subordinates unless the "injury is inflicted upon the plaintiff as a result of a breach of the supervisor's duty to train, supervise, or control the actions of subordinates." *Hahn v. McLey*, 737 F.2d 771, 773 (8th Cir. 1984). When medical care is at issue, supervisors incur liability when the duty to furnish medical treatment is "unfulfilled." *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). A supervisor can be found personally liable if the supervisor knows a serious medical need is not adequately being treated but remains indifferent. *Id.* at 460–61.

Here, Decedent received medical care through third party Corizon. There is no allegation that Defendants knew that the care Decedent received from Corizon was inadequate. Plaintiff's Second Amended Complaint alleges that Corizon's medical staff: (1) failed to test for tuberculosis; (2) failed to properly label three sputum samples resulting in the samples being discarded by the

8

Department of Health; (3) failed to intubate the Decedent; (4) failed to transfer Decedent to the hospital; and (5) provided the wrong antibiotics and care for Decedent when they treated him for tuberculosis but not bronchopneumonia. See Doc. 174 at ¶¶ 72-90.

Here, Plaintiff does not allege that Warden Buckner or Director Precythe knew that Decedent was misdiagnosed or that he was not receiving proper care. See *Crooks v. Nix*, 872 F.2d 800, 803 (8th Cir. 1989) ("[I]f the alleged denial of medical care was based on an alleged wrongful diagnostic judgment of a physician, the warden or prison director, lacking professional medical expertise, would not be liable on agency principles for any constitutional wrong."). Plaintiff's allegations regarding what the Corizon defendants did, or failed to do, with regard to Decedent's medical care fail to establish that these individual Defendants were aware that the medical care being provided was inadequate. Further, the allegations fail to establish that the Warden or Director somehow remained indifferent to Decedent's medical needs. As a result, Plaintiff has failed to plead a claim for supervisory liability under § 1983 against Buckner and Precythe. The Court grants the motion to dismiss Count II against Warden Buckner and Director Precythe.

Finally, in Count IV Plaintiff alleges Warden Buckner, Director Precythe, MDOC and the State are liable for the common law tort of failure to hire, train, supervise, and/or discipline Corizon. Defendants move to dismiss this claim. Plaintiff alleges defendants Precythe and Buckner were responsible for supervising defendant Corizon in the course and scope of their employment with the State and MDOC. Defendants state:

> in Missouri, a claim for negligent supervision is established when: A master is under the duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them if (a) the servant (i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or (ii) is using a chattel of the master, and (b) the master (i) knows or has reason to know that he

9

> has the ability to control his servant, and (ii) knows or should know of the necessity and opportunity for exercising such control.

Citing, *Lambert v. New Horizons Cmty. Support Services, Inc*., No. 2:15-CV-04291-NKL, 2016 WL 1562963, at *5 (W.D. Mo. Apr. 18, 2016) (quoting Restatement (Second) of Torts § 317 (1965). A cause of action for negligent supervision "requires evidence that would cause the employer to foresee that the employee would create an unreasonable risk of harm outside the scope of his employment." *Reed v. Kelly*, 37 S.W.3d at 278.

Defendants contend Plaintiff does not allege any past acts by Corizon that would place them on notice that the Decedent would somehow be misdiagnosed and/or receive alleged improper medical care. Further, Plaintiff does not plead that Corizon had a history of misdiagnosing bronchopneumonia as tuberculosis or that they regularly treated inmates with the wrong antibiotics.

Here, the Court agrees Plaintiff has failed to plead any foreseeable circumstances where additional supervision by Defendants could have prevented Decedent's death. As a result, the Court finds Plaintiff's claim for common law failure to supervise based on the current allegations in the Second Amended Complaint is inadequate.

Finally, Defendants argue the official capacity claims, seeking to recover directly from the State, are entitled to sovereign immunity and the State has not waived its immunity for Plaintiff's common law claims. This Court agrees. For the reasons stated herein, the Court grants the motion to dismiss.

**CONCLUSION**

Wherefore, for the reasons stated herein, the Court hereby **DENIES** Tim Baumgarner and Joshua Hoffman's Motion to Dismiss (Doc. 176); **GRANTS IN PART AND DENIES IN PART** defendants Wesley E. Murray, Christopher Strickland, Texas County Memorial Hospital's Motion

to Dismiss (Doc. 179); and **GRANTS** defendants State Of Missouri, Missouri Department Of Corrections, Michele Buckner and Anne Precythe's Motion to Dismiss (Doc. 189).

**IT IS SO ORDERED.**

DATED: October 21, 2022

                                           */s/ Douglas Harpool*
                                           **DOUGLAS HARPOOL**
                                           **UNITED STATES DISTRICT JUDGE**